UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| ANDRE HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 3:22-cv-02002 |
| | ) | |
| v. | ) | |
| | ) | |
| NOODLES & COMPANY, | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Andre Hamilton ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Noodles & Company ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants race and sex discrimination and retaliation under Section 1981 and Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Southern District of Illinois, East St. Louis Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

5.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6.     All conditions precedent have been fulfilled or been complied with.

7.     Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8.     Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9.     This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

10.     At all times material to the allegations of this Complaint, Plaintiff, Andre Hamilton, resides in St. Clair County, Illinois.

11.     At all times material to the allegations in this Complaint, Defendant, Noodles & Company, is a company doing business in and for St. Clair County, Illinois, whose address is 3290 Green Mount Crossing Drive, Shiloh, IL, 62269.

12.     At all times relevant, Plaintiff applied for employment to work at Defendant's location at 3290 Green Mount Crossing Drive, Shiloh, IL 62269.

## BACKGROUND FACTS

13.     Plaintiff identifies as an African-American male.

14.     Plaintiff applied to the Defendant's restaurant in or around January 2022.

15.     Plaintiff was interviewed for the crew member position by a manager named

Marcus on January 27, 2022.

16. Even though the interview went well and Plaintiff was more than qualified for the job, Plaintiff was denied the position based on his race and sex.

17. The position was filled by others outside of Plaintiff's protected class.

18. Furthermore, Plaintiff observed that the crew members that were working at this location were only Caucasian females.

### COUNT I
### Race-Based Discrimination in Violation of 42 U.S.C. § 1981

19. Plaintiff repeats and re-alleges paragraphs 1-18 as if fully stated herein.

20. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races the same right to make and enforce contracts, regardless of race. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

21. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

22. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

23. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.
### Race-Based Discrimination (Failure to Hire)

24. Plaintiff repeats and re-alleges paragraphs 1-18 as if fully stated herein.

25. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

26. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

27. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

28. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.
### Sex-Based Discrimination (Failure to Hire)

29. Plaintiff repeats and re-alleges paragraphs 1-18 as if fully stated herein.

30. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

31. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

32. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation,

and degradation.

33. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Compensatory and punitive damages;

d. Reasonable attorneys' fees and costs;

e. Award pre-judgment interest if applicable; and

f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 29th day of August, 2022.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**Chad W. Eisenback, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*