UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE HAMILTON,  <br><br>     Plaintiff,  <br><br>  v.  <br><br> HAMRA ENTERPRISES d/b/a/ Noodles & Company,  <br><br>     Defendant. | Case No. 22-cv-2002-JPG |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of defendant Hamra Enterprises to dismiss this case with prejudice for lack of prosecution (Doc. 35). The motion follows a February 15, 2023, order allowing plaintiff Andre Hamilton's counsel to withdraw on the grounds that he had been unable to contact Hamilton since December 2022. The Court further ordered Hamilton to have new counsel enter an appearance or notify the Court he will be proceeding *pro se* within 21 days of the order (Doc. 34). The Court warned Hamilton that if he failed to retain new counsel or notify the Court he would be proceeding *pro se*, the Court might dismiss this case without further warning pursuant to Federal Rule of Civil Procedure 41(b) for failure to obey a court order and/or for failure to prosecute. Hamilton did not respond to the order.

In the meantime, Hamra filed the pending motion to dismiss with prejudice for lack of prosecution. In addition to the foregoing counsel-related delinquency, Hamra relates Hamilton's failure to respond to discovery requests issued in November 2022 and to a motion to compel filed in February 2023 (Doc. 32). Hamra further sent the Court's February 15, 2023, order to Hamilton's last known address and has submitted proof of that delivery. Hamra seeks dismissal

of this case with prejudice and with costs.

Hamra filed its motion to dismiss on March 10, 2023. Pursuant to Local Rule 7.1(c), Hamilton's response was due 30 days later—on April 12, 2023, adding three days for service by mail, *see* Fed. R. Civ. P. 6(d). The Court may construe his failure to respond as an admission of the merits of the motion. SDIL-Local Rule 7.1(c). The Court finds it appropriate to do so in light of his failure to cooperate with his own counsel, his failure to comply with a court order, and his failure to participate in the discovery process. He clearly has no intention of pursuing this action further.

Additionally, dismissal is justified under Rule 41(b) for failure to prosecute. The Court has evaluated all circumstances, including the frequency of Hamilton's delinquencies, effect on the judicial calendar, prejudice caused to the defense, merit of the underlying claim, any social objectives represented by the suit, and its warning to Hamilton of the possibility of dismissal. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003). Costs are awarded consistent with Federal Rule of Civil Procedure 54(d)(1).

For the foregoing reasons, the Court:

- **GRANTS** Hamra's motion to dismiss (Doc. 35);
- **DISMISSES** this case **with prejudice** pursuant to Rule 41(b) for failure to prosecute;
- **DENIES as moot** Hamra's motion to compel (Doc. 32); and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  April 13, 2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**